The opinion of the Court was delivered by
Wakdlaw, J.
This is an action on the case to recover damages from the defendant for negligence in the care of a slave committed to his custody on hire, by means whereof the slave was destroyed and wholly lost to the plaintiff. The first ground of appeal insists, that there is a variance between the allegation that the slave was hired to defendant, and the proof of hiring to defendant and his partner Moore, fatal to *600 tbe action against one of the partners, inasmuch as both should have been sued. In actions ex contractu, it was formerly the rule, that the non-joinder of one or more joint contractors, was fatal on motion for nonsuit, where the general issue was pleaded; but it is settled since Rice vs. Shute, 5 Bur., 2611, in avoidance of the delay and expense of a trial, that this objection is waived by pleading the general issue, and that advantage of it can be taken only by plea in abatement, even where the plaintiff fully knew who were the joint contractors. And whatever may be the form of action, wherever the nonperformance of a contract is the basis of the suit and the contract must be proved, as in case for breach of a warranty of sale, the nonjoinder of a joint contractor is fatal on plea in abatement; for the plaintiff will not be allowed by varying the form of his action to annul or obviate the rules of legal procedure concerning parties to contracts. 1 Chit. Pl. 87; Max vs. Roberts, 12 East, 94; Weall vs. King, 12 E. 454; Storkfleet vs. Fryer, 2 Strob. 307; Patton vs. Magrath, Rice, 162. On the contrary, in actions ex delicto, generally, and always where a contract is not the gravamen of suit and is merely a matter of inducement or recital, a plaintiff may, at his option, treat the tort committed by two or more persons as either joint or several, 'and accordingly sue all or any or the tortfeasors; and if one of the wrong doers be sued alone, as the tort attaches upon each individually, he cannot plead the nonjoinder of the others in bar or abatement, nor give it in evidence under the general issue. 1 Chit. Pl. 87; Att. Gen. vs. Burgess, Bunb. R. 223; Govett vs. Radnidge, 3 East, 62; 6 Taunt. 29, 35, 42; 6 Jno. 31. Now, in this case, the gist of the action is the negligence of the defendant in the safe keeping of a slave .under his charge, and the contract of hiring is merely matter of preliminary statement to explain ' that the slave was really under the charge of defendant, and proof of any other process by which the charge resulted would have been admissible.
*601 In bis first ground of appeal, defendant also insists, that if there were any negligenee, it was on the part of the. agent of the partners, Moore & Smith, (and not his individual agent,) for the torts of whom he is not separately liable. From the community of interests between partners, each is responsible for the contracts of all or any one of them in the prosecution of the business of the partnership. Jackson was no less the agent of the defendant, because he was also the agent of the partner Moore. Grow, in his treatise on Partnerhip, 184-5, and notes there, and 160, after laying down the doctrine that in such actions as case for malfeasance, the tort,as between partners attaches upon each of the wrong-doers individually, and that one may be sued alone, proceeds: “Nor in such an action, is it material, whether the tort was committed by the partners personally, or by their servant in the prosecution of their business, since, in the latter case, the rule qui facit per alium, facit per se, applies, and renders them and each of them responsible for the consequences.” To the same effect, other text writers on partnership express the doctrine. Story Part. 167; Agency, 308; Collyer Part. b. 3, c. 1, sec. 6, p. 414, and b. 3, c. 6, sec. 3, p. 640; Watson Part. c. 4, p. 235. In Mitchell vs. Tarbutt, 5 T. R. 649, in an action on the case against some of several partners in the ownership of a ship, for negligence in their servant or agent, in running down a ship of plaintiff’s laden with sugar, whereby the sugar was lost, it was held that defendants could not plead in abatement, that there are other partners not sued. Carthew, 171, 294; 7 T. R., 257.
Under this ground, defendant also urged that Jackson was not the agent of the partners, Moore & Smith, but the agent of the Bailroacl Company in the transportation of the slave, when the loss occurred. But after the distinct statement in the report that the slave went back and forth, under the authority of Jackson, on the cars laden with timber, and assisted in loading and unloading them, and after the re *602 sponse of the jury to the inquiry directed to them by the Judge as to Jackson’s agency, it is in vain to suggest a doubt on this point. A similar answer may be given to the fourth ground, suggesting that the misconduct of the agent was wilful, and not within the scope of his agency. The jury have found that the order of the agent, under all the circumstances, amounted to negligence, and occasioned the slave’s death. A principal is not responsible for the wilful trespasses outside of the course of his. employment, of one who is his agent to some extent; but he is bound to provide an agent sufficiently circumspect and skilful for the business entrusted to him, and is liable for the negligence and unskilfulness of his agent within the scope of his agency and course of his employment, even if the agent’s conduct be contrary to his private instructions. Parkerson vs. Wightman, 4 Strob. 363; Topham vs. Roche, 2 Hill 307. On the second ground, this Court approves the instructions of the circuit Judge. The plaintiff was not employed together with Jackson in the business of Moore & Smith; and the case cited, Murray vs. R. R. Co., 1 McM., 385, was not intended to make a slave such a representative of the master in work done by the slave in common with other hirelings, as to constitue the master a co-employee with the hirelings. Some of the propositions in the third ground may be conceded. A slave is still a man, wilful and intelligent, and capable of defeating all proper care on the part of those who have him in charge. A ferryman is held to strict responsibility by our law, yet if a slave in his transit over a ferry wilfully jump from the flat and drown himself, the ferryman is not liable for his value. McDonald vs. Clarke, 4 McC. 223. No bailee of slaves can be considered liable for their loss, where it is the result of their own heady misconduct or negligence. Mikell vs. Mikell, 5 Rich. Eq. 220. Nor would the bailee be liable where the negligence of the slave efficiently contributes to his own destruction, although there may have been negli *603 gence on the part of some other agent sui juris of the bailee. Richardson vs. W. M. R. R. Co., 8 Rich. 120. But the appellant, by the verdict of the jury, which must be interpreted as a finding against the fact of the slave’s negligence, is precluded from the application of these principles. Some complaint is made, that the Judge failed to instruct the jury fully on these doctrines, but no erroneous instruction is imputed to him, nor is it pretended that any special demand or request was made to him to express his opinion on this point. The extent of his charge must depend always in large measure on the discretion of the judge; and in the present instance, there was nothing or little to evoke the instruction omitted. What negligence can be fairly attributed to the slave for getting off the train when it stopped, or for going to sleep when the stoppage was long ?
Ordered that the motion for new trial be refused.
O’Neall, O, J., concurred.
Motion refusedf.